**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

# FILED

DEC 1 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WAYNE WILLIAM WRIGHT, | No. 19-55084 |
| Plaintiff-Appellant, | D.C. No. 2:15-cv-05805-R-PJW |
| v. | |
| CHARLES L. BECK; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Argued and Submitted April 1, 2020
Pasadena, California

Before: PAEZ, CALLAHAN, and VANDYKE, Circuit Judges.

Wayne Wright appeals the district court's grant of summary judgment in

favor of Defendants-Appellees on his Fourth Amendment claim brought under 42

U.S.C. § 1983.[1]  The district court concluded the individually named Defendants-

Appellees were entitled to qualified immunity.  Reviewing de novo, *Mendiola–*

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[1] In a separately filed opinion, we address Wright's Fourteenth Amendment due process claim.  Because the facts and procedural history are outlined there, we need not recount them here.

*Martinez v. Arpaio*, 836 F.3d 1239, 1247 (9th Cir. 2016), we affirm.

Although our decision in *Brewster v. Beck*, 859 F.3d 1194, 1197 (9th Cir. 2017), may suggest that the government might violate the Fourth Amendment by interfering with one's property even after conducting a lawful seizure, we decided *Brewster* three years after the allegedly unlawful conduct here. It thus fails to show the law was clearly established at the time the Los Angeles Police Department officers destroyed Wright's firearms. *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011) (stating law must be clearly established "at the time of the challenged conduct").

Our earlier cases also fail to show the law was "clearly established" because they involve different facts. *See, e.g., Jessop v. City of Fresno*, 936 F.3d 937 (9th Cir. 2019), *pet. for cert. denied*, 140 S. Ct. 2793 (May 18, 2020). For example, both *United States v. Jacobsen*, 466 U.S. 109 (1984), and *Lavan v. City of Los Angeles*, 693 F.3d 1022 (9th Cir. 2012), involved warrantless seizures, unlike here. *Jacobsen*, 466 U.S. at 113, 120–21 & n.3 (1984); *Lavan*, 693 F.3d at 1032-33.

We thus cannot conclude that the law was "clearly established" that the Fourth Amendment protected Wright's interest against an unreasonable interference with his property.[2]

---

[2] Because the law was not clearly established, we do not address whether Wright's Fourth Amendment interest was violated. *See Pearson v. Callahan*, 555 U.S. 223, 236 (2009).

**AFFIRMED.**